Royal F. Oakes (SBN 080480)
roakes@mail.hinshawlaw.com
James C. Castle (SBN 235551)
jcastle@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:  213-680-2800
Facsimile:   213-614-7399

Attorneys for Plaintiff
Brighthouse Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LEWIS, LESLEY PORTMAN GRIEVE, individually and LESLEY GRIEVE as the special administrator of THE ESTATE OF WENDY PORTMAN LEWIS,<br><br>Defendants. | Case No.  2:17-cv-2681<br><br>**PLAINTIFF BRIGHTHOUSE LIFE INSURANCE COMPANY'S COMPLAINT-IN-INTERPLEADER** |

Plaintiff Brighthouse Life Insurance Company ("Brighthouse") hereby alleges as follows:

## PARTIES

1. Brighthouse, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the Delaware, with its principal place of business in Charlotte, North Carolina. It is authorized to do business in the State of California.

2. Upon information and belief, Defendant George Lewis resides in Palm Desert, California and is a citizen of California.

3. Upon information and belief, Defendant Lesley Grieve is Special Administrator of the Estate of Wendy P. Lewis and resides in Palm Desert, California and is a citizen of California.

## INTRODUCTION

4. On information and belief, Wendy P. Lewis died on or about September 11, 2015.

5. Wendy P. Lewis had been the owner of and insured under Brighthouse policy 211229911USU (hereinafter, "Brighthouse Policy"). The face amount of the Brighthouse Policy exceeds the amount required for diversity jurisdiction.

6. As owner of the Brighthouse Policy, by amendment, Wendy P. Lewis had made George Lewis the beneficiary of the Brighthouse Policy.

7. As owner of the Brighthouse Policy, by amendment, Wendy P. Lewis had made Lesley Portman (who later became Lesley Grieve) the contingent beneficiary of the Brighthouse Policy.

8. After the death of Wendy P. Lewis, George Lewis submitted a claim for the proceeds of the Brighthouse Policy.

9. As part of its investigation of the claim, Brighthouse obtained a copy of the death certificate of Wendy P. Lewis.

10. The death certificate for Wendy P. Lewis stated the cause of death of Wendy P. Lewis was drowning; blunt trauma to the torso was listed on the death certificate as another significant condition contributing to death but not resulting in underlying cause of death. According to the death certificate, the manner of death could not be determined.

11. On information and belief, the Estate of Wendy P. Lewis has filed a lawsuit relating to the death of Wendy P. Lewis. Among the allegations against the defendant are that the defendant failed to protect Wendy P. Lewis from the threat posed by a fellow passenger on a cruise ship.

12. As part of its investigation of the claim, Brighthouse sought confirmation from law enforcement authorities that George Lewis was not a suspect in the death of Wendy P. Lewis. Brighthouse has not been able to obtain confirmation from law enforcement authorities that George Lewis was not a suspect in the death of Wendy P. Lewis.

**HINSHAW & CULBERTSON**
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36270936v1 0996992

13. Brighthouse does not know if George Lewis was or was not involved in the death of Wendy P. Lewis. If he was involved in the death of Wendy P. Lewis, under relevant statutory and common law, including California Probate Code Section 252, he may not be entitled to receive benefits under the Brighthouse Policy and one of the other defendants may be entitled to receive benefits under the Brighthouse Policy.

## JURISDICTION AND VENUE

14. Pursuant to Federal Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. 1332, this Court has subject matter jurisdiction over this interpleader action. The defendants are diverse from plaintiff; the amount in controversy exceeds $75,000 (as the death benefit under the Brighthouse Policy is $1,000,000) and the matter otherwise meets the requirements of the applicable rule and statute.

## CAUSE OF ACTION IN INTERPLEADER

15. Brighthouse realleges paragraphs 1-14 herein.

16. Brighthouse brings this action for interpleader relating to the Brighthouse Policy. A true and correct copy of the Brighthouse Policy is attached hereto as Exhibit "A".

17. A copy of the change of beneficiary submitted by Wendy P. Lewis is attached hereto as Exhibit "B".

18. On or about September 11, 2015 the insured under the Brighthouse Policy died.

19. George Lewis has submitted a claim under the Brighthouse Policy.

3

20. The death certificate for Wendy P. Lewis stated the cause of death of Wendy P. Lewis was drowning; blunt trauma to the torso was listed on the death certificate as another significant contribution contributing to death but not resulting in underlying cause of death.

21. On information and belief, the Estate of Wendy P. Lewis has filed a lawsuit relating to the death of Wendy P. Lewis. Among the allegations against the cruise line, as the defendant in that action, are that the defendant failed to protect Wendy P. Lewis from the threat posed by a fellow passenger on a cruise ship.

22. On or about April 5, 2017, Brighthouse was contacted by phone by counsel for the Estate of Wendy P. Lewis. Counsel stated there is pending litigation in California regarding the entitlement of George Lewis to funds from the Estate of Wendy P. Lewis. She indicated that she would like to file a claim as to the Brighthouse Policy on behalf of the Estate of Wendy P. Lewis.

23. As a contingent beneficiary on Brighthouse Policy, to the extent that George Lewis is found to be not entitled to the Brighthouse Policy benefits, Lesley Portman Grieve may be entitled to Brighthouse Policy benefits.

24. Because of the allegations noted in paragraphs 1-24 above, which are incorporated herein, Brighthouse cannot determine the proper beneficiary under the Brighthouse Policy. Because of the risk of multiple claims as to the Brighthouse Policy, Brighthouse seeks to interplead the funds due under the Brighthouse Policy. Given Brighthouse's doubt as to the proper beneficiary, Brighthouse cannot pay any of the proceeds of the Brighthouse Policy to one of the defendants without the risk of being compelled to pay the funds to one or more of the other defendants.

25. As a mere stakeholder, Brighthouse makes no claim to the proceeds of the Brighthouse Policy other than payment by Defendants of Brighthouse's reasonable attorney's fees and costs in connection with this action. Brighthouse therefore respectfully requests that this Court determine to whom the proceeds of the Brighthouse Policy should be paid.

26. Brighthouse is ready, willing, and able to pay the proceeds of the Brighthouse Policy, in accordance with the terms of the Brighthouse Policy.

27. Brighthouse will deposit into the Registry of the Court the proceeds of the Brighthouse Policy, plus any applicable interest due and owing under the terms of the Brighthouse Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff Brighthouse demands judgment as follows:

    a. Permitting Brighthouse to pay the proceeds of the Brighthouse Policy into the Registry of the Court;

    b. Restraining and enjoining Defendants from initiating any other action against Brighthouse for recovery of the proceeds of the Brighthouse Policy or any part thereof;

    c. Dismissing Brighthouse with prejudice from this action and discharging Brighthouse from further liability beyond those monies deposited into the Registry of this Court, which represents the proceeds of the Brighthouse Policy, plus any applicable interest;

HINSHAW & CULBERTSON
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36270936v1 0996992

d. Awarding Brighthouse its costs and attorney's fees; and

e. Awarding Brighthouse such other and further relief as this Court deems just, equitable, and proper.

DATED: April 7, 2017

HINSHAW & CULBERTSON LLP

By: */s/ James C. Castle*
Royal F. Oakes
James C. Castle
Attorneys for Plaintiff
Brighthouse Life Insurance Company